UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENDRIA Y. WEST,<br><br>　　Plaintiff,<br><br>v.<br><br>UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT TN, et al.,<br><br>　　Defendants. | Case No. 3:24-cv-00067<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable William L. Campbell, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

Pro se and *in forma pauperis* Plaintiff Kendria Y. West initiated this action on January 24, 2024, against the United States Bankruptcy Court for the Middle District of Tennessee (Bankruptcy Court) and the United States Department of Education (DOE). The Court dismissed the Bankruptcy Court as a party to West's action after screening her complaint under 28 U.S.C. § 1915(e)(2)(B), finding that the Bankruptcy Court was not an entity subject to suit. (Doc. No. 6.) The Court allowed West's claims against the DOE to proceed. (*Id.*)

The DOE has now filed a motion to motion to dismiss West's claims against it under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 25.) For the reasons that follow, the Court will recommend that the DOE's motion to dismiss be granted.

I. **Background**

A. **Factual Background**[1]

West's complaint arises out of her efforts to discharge student loan debt through a Chapter 7 bankruptcy proceeding in the Bankruptcy Court. (Doc. No. 1.) West alleges discrimination in the bankruptcy process based on race and disability, among other claims. (*Id.*) West states that her claims arise under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure; Title VII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1983, 1985, and 1986; the First, Fifth, and Fourteenth Amendments to the U.S. Constitution; and Section 104(a)(4) of the federal tax code, 11 U.S.C. § 104(a)(4). (*Id.*)

West alleges that she filed an adversary proceeding against the DOE as part of her Chapter 7 bankruptcy and that the DOE moved to dismiss that proceeding for insufficient service of process. (*Id.*) West alleges that she was given additional time to perfect service on the DOE and did so. (*Id.*) West states that the Chapter 7 bankruptcy was discharged on June 27, 2008, but that she did not receive notice as to the status of the adversary proceeding. (*Id.*) West states that, when she inquired with the Bankruptcy Court, she was told that "the assigned Attorney General had closed the case without ANY communication since the pretrial conference and had not allowed [her] case to proceed according to law!" (*Id.*)

West alleges that the closing of her case was discriminatory misconduct. (*Id.*) Specifically, West alleges that, when she "left the service in 1990," the Departments of the Navy, Defense, and Veterans Affairs "actually STOLE $1620 from [her] by advancing [her] $10788.00 of [her]

---

[1] The factual background reflects the allegations of West's complaint, which are construed in the light most favorable to her and accepted as true for purposes of deciding the motion to dismiss. *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

disability payment WITHOUT REQUEST claiming that i[t] was 'severance pay' so that they could illegally tax it." (Doc. No. 1.) West alleges that, "[i]n 1996, they gave me 1 day to file to get it back and when I did, they didn't pay me until 2019 after I told them that I was suing them for it! After all of that time the principal and interest totaled $8347.93 . . . but the DOE took it because the Assistant Attorney General/DOJ/Courts didn't process my adversary proceeding correctly. The DOE needs to return my STOLEN MONEY which is 8347.93 + interest for the additional years that they unlawfully held it." (*Id.*)

West states that she "named the [DOE] as a plaintiff [sic] in this proceeding because the retroactive order for which [she] met ALL OF THE REQUIREMENTS should prompt from them to issue the refund, but in case it doesn't THEY'RE EXPLICITELY [sic] NAMED and asked to do so. Also, they've tacked an additional $88,000 on to my 2006 amount." (*Id.*) In her prayer for relief, West asks the Court to "[g]rant [her] Student Loan Discharge retroactive so that [she] may provide it to the [DOE] so that this can FINALLY BE OVER!" (*Id.*)

**B.      Procedural History**

West filed this action January 24, 2024, with an application to proceed *in forma pauperis* (IFP). (Doc. Nos. 1, 2.) The Court denied her initial IFP application and gave her the opportunity to file a renewed application. (Doc. No. 4.) West filed a renewed IFP application on April 9, 2024. (Doc. No. 5.)

The Court granted the renewed IFP application and screened West's complaint under 28 U.S.C. § 1915(e)(2). (Doc. No. 6.) On screening, the Court dismissed West's claims against the Bankruptcy Court for failure to state a claim upon which relief can be granted because the Bankruptcy Court "is not an entity subject to suit." (*Id.*) (quoting *Craaybeek v. Bristow*, No. 7:20-CV-031-O, 2021 WL 2274889, at *1 (N.D. Tex. May 19, 2021).) The Court allowed West's claim against the DOE to proceed and referred the matter to the Magistrate Judge to dispose or

3

Case 3:24-cv-00067    Document 28    Filed 08/18/25    Page 3 of 9 PageID #: 313

recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B). (Doc. No. 6.) West filed an interlocutory appeal of the Court's order dismissing the Bankruptcy Court (Doc. No. 9) which the U.S. Court of Appeals for the Sixth Circuit dismissed for lack of jurisdiction (Doc. No. 14).

On August 27, 2024, West filed a "motion to remedy inclusions" in which she stated that she wanted to "add clarity that[,] in addition to any entitled actual and punitive damages, court costs, filing fee[s] (paid directly to the court), including postage are included in the description of 'all entitled remedies[.]'" (Doc. No. 15.) The Court construed West's motion as one to amend the relief sought in her original complaint. (Doc. No. 22.) The Court therefore denied West's motion without prejudice to filing an amended complaint of right or a motion for leave to amend her complaint under Federal Rule of Civil Procedure 15. (*Id.*) West did not file an amended complaint or move for leave to amend.

The U.S. Marshals Service effected service on West's behalf (Doc. Nos. 18, 19) on December 23, 2024. (Doc. No. 21.) On February 20, 2025, the DOE moved to dismiss West's claim for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). (Doc. Nos. 23, 24.) West filed a response on March 13, 2025. (Doc. No. 25.) West filed a response in opposition to the DOE's motion. (Doc. No. 25.) The DOE did not file an optional reply.

II.  **Legal Standard**

    A.  **Federal Rule of Civil Procedure 12(b)(1)**

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the

United States," and several other categories of cases not at issue here.[2] U.S. Const. art. III, § 2, cl. 1; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Id.* at 104. A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Enriquez-Perdomo v. Newman*, 54 F.4th 855, 861 (6th Cir. 2022). A factual attack "'contests the alleged jurisdictional facts by introducing evidence outside the pleadings.'" *Id.* (quoting *Gaetano v. United States*, 994 F.3d 501, 505 (6th Cir. 2021)). In resolving factual attacks, "'the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts, and the court can actually

---

[2] For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.'" *Id.* (quoting *Gaetano*, 994 F.3d at 505).

B. **Federal Rule of Civil Procedure 12(b)(6)**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because West appears pro se, the Court construes her filings "'liberally'" and holds her complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "However,

this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976 (6th Cir. 2012). "[C]ourts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.     Analysis**

The DOE moves to dismiss West's claims against it for three reasons. First, the DOE argues that the Court lacks subject-matter jurisdiction over West's claims because her allegations are implausible or frivolous and do not support any federal cause of action. (Doc. No. 24.) Second, the DOE argues that, to the extent West alleges that it has acted improperly against her in handling her student loan debt, this Court is limited by the Administrative Procedures Act to a review of the DOE's final agency action and no final agency action is identified in West's complaint. (*Id.*) Third, the DOE argues that the docket from West's bankruptcy action shows that West never properly served the United States in the adversary proceeding and, thus, that there was no misconduct in its dismissal. (*Id.*)

In her response in opposition, West rearticulates and elaborates on the allegations made in her complaint. (Doc. No. 25.) West summarizes her cause of action as follows: "[T]his case asks the Court to actually assess the evidence, correct the [bankruptcy court's] disregard of the Appellant's rights and issue the student loan discharge dated on or about May 22, 2011." (*Id.*) It thus appears that West seeks this Court's review of the Bankruptcy Court's decision to terminate the adversarial proceeding and her Chapter 7 bankruptcy without granting a discharge of her student loan debt and to correct the financial losses that she attributes to that action.

Federal district courts have jurisdiction to hear timely appeals from final orders or decrees issued by a bankruptcy court (and, in some instances, interlocutory orders) under 28 U.S.C. § 158. Under Federal Rule of Bankruptcy Procedure 8002(a)(1), generally "a notice of appeal must be

filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). While the Sixth Circuit does not treat Rule 8002(a)(1)'s time limit as jurisdiction, it "remains mandatory" and a ground for dismissal. *In re Tennial*, 978 F.3d 1022, 1028 (6th Cir. 2020). The docket in West's bankruptcy proceeding shows that the adversary proceeding was closed on February 29, 2008, and the final decree in the Chapter 7 proceeding was entered on July 15, 2008.[3] *See* Docket Entries 24 and 31, *In re Kendria Yvonne West*, Case No. 3:06-bk-01975 (M.D. Tenn.). Thus, any review West seeks by this Court of the adversary proceeding's termination in the Bankruptcy Court is untimely. Further, West has not followed the procedural steps prescribed by the Bankruptcy Rules to initiate a proper appeal. Fed. R. Bankr. P. 8003(a).

More fundamentally, West's allegations do not state a claim against the DOE sufficient to invoke this Court's subject-matter jurisdiction. "Whether the Court has jurisdiction over a case as one arising under the Constitution or federal law is determined by analyzing Plaintiff's complaint; if it alleges a substantial cause of action under federal law, subject-matter jurisdiction exists." *Morningstar v. City of Detroit*, 617 F. Supp. 2d 570, 574 (E.D. Mich. 2009). Where a court's jurisdiction is not properly invoked by the plaintiff's claims, "the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

---

[3] Courts may consider "public records or [matters that] are otherwise appropriate for the taking of judicial notice" without converting a motion to dismiss into a motion for summary judgment. *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). "Such public records that a court may consider include documents from other court proceedings." *Watermark Senior Living Ret. Communities, Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 425–26 (6th Cir. 2018).

West cites a number of federal laws as providing the bases for her claims. (Doc. No. 1 (citing Fed. R. Bankr. P. 7001(6); Title VII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1983, 1985, and 1986; the First, Fifth, and Fourteenth Amendments to the U.S. Constitution; and 11 U.S.C. § 104(a)(4).) However, to the extent West alleges claims against the DOE independent from a review of her bankruptcy proceedings, her conclusory allegations of "misconduct by a federal employee" and that the DOE "stole" and "re-stole" money from her are insufficient to state a plausible cause of action under any of the provisions she cites. Accordingly, because West has not articulated a basis for the Court's subject-matter jurisdiction over her claims, the Court must grant the DOE's motion to dismiss West's claims against it under Rule 12(b)(1).

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court GRANT the DOE's motion to dismiss West's claims against it (Doc. No. 23) for a lack of subject-matter jurisdiction under Rule 12(b)(1).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 18th day of August, 2025.

ALISTAIR E. NEWBERN
United States Magistrate Judge

9
Case 3:24-cv-00067    Document 28    Filed 08/18/25    Page 9 of 9 PageID #: 319