**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KENDRIA Y. WEST,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | **NO. 3:24-cv-00067** |
| | **)** | |
| **UNITED STATES BANKRUPTCY** | **)** | **JUDGE CAMPBELL** |
| **COURT MIDDLE DISTRICT TN, et al.,** | **)** | **MAGISTRATE JUDGE NEWBERN** |
| | **)** | |
| **Defendants.** | **)** | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge recommending the Court grant Defendant United States Department of Education's ("DOE") motion to dismiss for lack of jurisdiction (Doc. No. 23). (*See* Report and Recommendation, Doc. No. 28). Plaintiff Kendria West (West") filed a response to the Report and Recommendation. (Doc. No. 30). For the reasons stated herein, the Report and Recommendation will be adopted and approved.

### I.     STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

West's complaint arises out of her efforts to discharge student loan debt through a Chapter 7 bankruptcy proceeding in the Bankruptcy Court. (Doc. No. 1.) West alleges discrimination in the bankruptcy process based on race and disability, among other claims. (Id.). West states that her claims arise under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure; Title VII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1983, 1985, and 1986; the First, Fifth, and Fourteenth Amendments to the U.S. Constitution; and Section 104(a)(4) of the federal tax code, 11 U.S.C. § 104(a)(4). (Id.).

West alleges that she filed an adversary proceeding against the DOE as part of her Chapter 7 bankruptcy and that the DOE moved to dismiss that proceeding for insufficient service of process. (Id.). West alleges that she was given additional time to perfect service on the DOE and did so. (Id.). West states that the Chapter 7 bankruptcy was discharged on June 27, 2008, but that she did not receive notice as to the status of the adversary proceeding. (Id.). West states that, when she inquired with the Bankruptcy Court, she was told that "the assigned Attorney General had closed the case without ANY communication since the pretrial conference and had not allowed [her] case to proceed according to law!" (Id.).

West alleges that the closing of her case was discriminatory misconduct. (Id.). Specifically, West alleges that, when she "left the service in 1990," the Departments of the Navy, Defense, and Veterans Affairs "actually STOLE $1620 from [her] by advancing [her] $10788.00 of [her] disability payment WITHOUT REQUEST claiming that i[t] was 'severance pay' so that they could illegally tax it." (Doc. No. 1.) West alleges that, "[i]n 1996, they gave me 1 day to file to get it back and when I did, they didn't pay me until 2019 after I told them that I was suing them for it! After all of that time the principal and interest totaled $8347.93 . . . but the DOE took it because the Assistant Attorney General/DOJ/Courts didn't process my adversary proceeding correctly. The

DOE needs to return my STOLEN MONEY which is 8347.93 + interest for the additional years that they unlawfully held it." (Id.).

West states that she "named the [DOE] as a plaintiff [sic] in this proceeding because the retroactive order for which [she] met ALL OF THE REQUIREMENTS should prompt from them to issue the refund, but in case it doesn't THEY'RE EXPLICITELY [sic] NAMED and asked to do so. Also, they've tacked an additional $88,000 on to my 2006 amount." (Id.). In her prayer for relief, West asks the Court to "[g]rant [her] Student Loan Discharge retroactive so that [she] may provide it to the [DOE] so that this can FINALLY BE OVER!" (Id.).

DOE's motion to dismiss argues that this action should be dismissed for three reasons: (1) the allegations are implausible and/or frivolous; (2) the Court cannot compel an agency into action; and (3) the bankruptcy discharge did not include the student loans and West failed to properly provide service in that adversary proceeding. (Doc. No. 23).

The Magistrate Judge agreed and issued a Report and Recommendation (Doc. No. 28), recommending that DOE's motion to dismiss be granted for three reasons: (1) the review sought by West of the adversary proceeding's termination in the Bankruptcy court is untimely; (2) West did not follow the procedural steps prescribed by the Bankruptcy Rules; and (3) West did not articulate a basis a basis for subject-matter jurisdiction over her claims. (Id.).

West's response to the Report and Recommendation did not provide any specific objection to the findings by the Magistrate Judge. (Doc. No. 30). Rather, the response is a restatement of West's arguments in her response to the motion to dismiss. (Id.) (*See also* Doc. No. 25). The Court has reviewed the Report and Recommendation, finding that with no specific objections it will be approved and granted.

## III.   CONCLUSION

For the reasons stated above, the Report and Recommendation (Doc. No. 28) is **ADOPTED** and **APPROVED**. Accordingly, DOE's motion to dismiss (Doc. No. 23) is **GRANTED**, and the matter is **DISMISSED** without prejudice for lack of subject-matter jurisdiction. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE